IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| BARBARA J. MARTIN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 05-0506-CV-W-RED-SSA |
| ) | |
| JO ANNE B. BARNHART, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

## ORDER

Plaintiff Barbara J. Martin ("Plaintiff") seeks judicial review of the Commissioner's denial of her request for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401 *et seq.* Plaintiff has exhausted all of her administrative remedies, and therefore, pursuant to section 405(g), judicial review is now appropriate. After carefully reviewing the record, the Court hereby **AFFIRMS** the decision of the Administrative Law Judge ("ALJ").[1]

### I. Background

The complete facts and arguments are presented in the parties' briefs, and consequently will be duplicated here only to the extent necessary. Additionally, the ALJ's decision within the administrative record fully sets forth his findings and such will not be repeated herein in its entirety except to the extent necessary to address Plaintiff's arguments.

### II. Standard of Review

---

[1] Because the Court finds that substantial evidence supports the ALJ's decision and that the ALJ applied the correct standard of law, the Court adopts much of Defendant's brief without quotation or citation.

The Court's review is limited to determining whether the Commissioner applied the correct standard of law and whether the Commissioner's findings of fact are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. §§ 405(g) and 1383(c)(3); *Warburton v. Apfel*, 188 F.3d 1047, 1050 (8th Cir. 1999). Substantial evidence is relevant evidence that a reasonable mind would accept as sufficient to support the Commissioner's conclusion. *See Warburton*, 188 F.3d at 1050. In making this determination, the Court considers evidence that detracts from the Commissioner's decision as well as evidence that supports it. *See id.* The Court may not reverse the Commissioner's decision merely because substantial evidence supports a different result. *See Pierce v. Apfel*, 173 F.3d 704, 706 (8th Cir. 1999). This is true even if the Court might have weighed the evidence differently and reached a different result if a de novo review were applied. *Pearsall v. Massanari*, 274 F.3d 1211, 1219 (8th Cir. 2001).

To receive disability benefits a claimant must show: (1) a medically determinable physical or mental impairment that has lasted, or can be expected to last, for not less than twelve months; (2) an inability to engage in any substantial gainful activity; and (3) the inability results from the impairment. *See* 42 U.S.C. §§ 423 (d)(1)(A), (d)(2); *see also Timmerman v. Weinberger*, 510 F.2d 439, 442 (8th Cir. 1975). The Court reviews the ALJ's decision to determine whether the ALJ followed the Commissioner's implementing regulations, which set out a five-step, burden-shifting process for determining whether the claimant has a "disability" within the meaning of the Social Security Act.

The five steps are (1) whether the claimant is currently engaging in "substantial gainful activity;" (2) whether the claimant is severely impaired; (3) whether the severe impairment is, or

is comparable to, a listed impairment precluding substantial gainful activity as a matter of law; (4) whether the claimant, with her current Residual Functional Capacity ("RFC") can meet the demands of her past work, and if not; (5) whether the claimant retains the capacity to perform any other work that exists in significant numbers in the economy. *See* 20 C.F.R. §§ 404.1520, 416.920 (2004); *Bowen v. Yuckert*, 482 U.S. 137, 140-42, 107 S. Ct. 2287, 96 L. Ed. 2d 119 (1987) (discussing the five-step analysis). In the first four steps, the burden is on the claimant to prove that he or she is disabled. If the claimant is not able to perform his or her past work, the burden shifts to the Commissioner to prove that there are jobs in the national economy that the claimant can perform, although the ultimate burden of persuasion remains with the claimant. *See Harris v. Barnhart*, 356 F.3d 926, 931 n.2 (8th Cir. 2004); *see also Barnhart v. Thomas*, 540 U.S. 20, 24, 28 (2003) (noting that the existence of jobs in the national economy must be proved only at step five).

### III. Analysis

Plaintiff argues that the ALJ erred in two ways. First, Plaintiff argues that the ALJ failed to properly evaluate her subjective complaints. Second, Plaintiff argues that the testimony of the Vocational Expert ("VE") was not supported by substantial evidence in the record. The Court will consider each of these arguments separately below.

#### A. *Plaintiff's Credibility*

Plaintiff first argues that the ALJ erred by failing to properly evaluate her subjective complaints in light of the factors set forth in *Polaski v. Heckler*, 739 F.2d 1320 (8th Cir. 1984), and to expressly set forth any inconsistencies with those complaints. Specifically, Plaintiff alleges that the ALJ did not properly consider her reports of debilitating symptoms from chest

-3-

pain associated with her bilateral mastectomy, chronic back pain, carpal tunnel syndrome, knee pain, depression, sleep apnea and the side effects of her medication. Plaintiff also alleges that the ALJ failed to consider the interaction of these impairments and the combined effect they had on her ability to work.

The burden of deciding questions of fact, including the credibility of a plaintiff's subjective testimony, rests with the Commissioner. *See Benskin v. Bowen*, 830 F.2d 878, 882 (8th Cir. 1987). Generally, the ALJ is in a better position than the Court to determine credibility. *Brown v. Chater*, 87 F.3d 963, 966 (8th Cir. 1996). When an ALJ assesses a claimant's subjective complaints, the claimant must prove, on the record as a whole, that the disabling impairment results from a medically determinable physical or mental impairment. *See* 20 C.F.R. §§ 404.1529, 416.929 (2004). However, the claimant need not produce direct medical evidence of the cause and effect relationship between the impairment and the degree of the claimant's subjective complaints. *See Polaski v. Heckler*, 739 F.2d 1320, 1322 (8th Cir. 1984). Accordingly, when making a disability determination, the adjudicator may not disregard a claimant's subjective complaints solely because the objective medical evidence does not fully support them. *See id.* However, the adjudicator may discount the complaints by considering the claimant's prior work record and observations by third parties and physicians relating to such matters as: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the subjective infirmity; (3) precipitating and aggravating factors; (4) dosage, effectiveness, and side effects of medication; and (5) functional restrictions. *See Melton v. Apfel*, 181 F.3d 939, 941 (8th Cir. 1999); *Polaski*, 739 F.2d at 1322.

In evaluating the *Polaski* factors, the Eighth Circuit has advised that the primary question

is not whether the claimant actually experiences the subjective complaints alleged, but whether those symptoms are credible to the extent that they prevent the claimant from performing substantial gainful activity. *See Black v. Apfel*, 143 F.3d 383, 386 (8th Cir. 1998); *McGinnis v. Chater*, 74 F.3d 873, 874 (8th Cir. 1996); *Woolf v. Shalala*, 3 F.3d 1210, 1213 (8th Cir. 1993); *Pickner v. Sullivan*, 985 F.2d 401, 404 (8th Cir. 1993). An ALJ may discount a claimant's subjective complaints only if there are inconsistencies in the record as a whole.

Here, the Court finds that the ALJ properly discounted Plaintiff's subjective complaints based on inconsistencies between her complaints and the objective medical evidence (including the testimony of her treating physicians) and inconsistencies between her complaints and her daily activities. First, while an ALJ may not reject a claimant's subjective complaints based solely on the objective medical evidence, the absence of an objective medical basis to support the degree of Plaintiff's subjective complaints is an important factor in evaluating the credibility of the claimant's testimony and complaints. *Russell v. Sullivan*, 950 F.2d 542, 545 (8th Cir. 1991); *Cruse v. Bowen*, 867 F.2d 1183, 1186 (8th Cir. 1989). As noted by the ALJ, none of Plaintiff's treating physicians ever opined an opinion to the effect that Plaintiff is "disabled". *See Young v. Apfel*, 221 F.3d 1065, 1069 (8th Cir. 2000).

Additionally, with respect to Plaintiff's daily living activities, the ALJ noted Plaintiff's testimony at the hearing that she did "nothing" and that her family members performed most of the household chores. However, this testimony was contradicted by Plaintiff's reports to Dr. Breckenridge and her and her daughter's disability questionnaires, which reported that Plaintiff took care of her children and pets, cooked some meals, shopped for groceries, did household chores and attended church twice per week. *Craig v. Apel*, 212 F.3d 433, 436 (8th Cir. 2000)

-5-

(claimant's ability to engage in many nominal daily living activities including driving, shopping, and visiting with friends and relatives supported a finding of ability to work). Accordingly, since the ALJ properly articulated the inconsistencies upon which he relied in discrediting Plaintiff's subjective complaints and because substantial evidence in the record as a whole supports this finding, Plaintiff is not entitled to relief on this point.

Finally, Plaintiff's contention that the ALJ did not consider the combined effects of her impairments is without merit. The ALJ noted that objective medical evidence demonstrated that Plaintiff has mild degenerative disc disease of the lumbar spine; obesity; status-post bilateral carpal tunnel release procedures; status-post arthroscopic repair of a meniscus tear of the right knee; status-post bilateral mastectomy; sleep apnea; an affective disorder; and a generalized anxiety disorder. The ALJ further found that while the combination of these impairments was severe within the meaning of the regulations, the Plaintiff did not have an impairment or combination of impairments qualifying as a disability within the meaning of the regulations. The ALJ then discussed these impairments individually in determining Plaintiffs' residual functioning capacity ("RFC"). Subsequently, the ALJ again considered these impairments in combination with one another. The ALJ noted that the while the claimant suffers from pain and limitation as a result of her combined impairments, the objective and clinical findings of record, as well as the mutually supportive opinions of multiple medical specialists, did not support the extreme degrees of pain and limitations she alleged. In short, the Court is satisfied that the ALJ properly evaluated Plaintiff's impairments, and that the ALJ"s RFC assessment was based on a combination of these impairments. *Raney v. Barnhart*, 396 F.3d 1007, 1011 (8th Cir. 2005).

*B. VE's Testimony*

Plaintiff next argues that the testimony of the vocational expert ("VE") was not supported by substantial evidence in the record. Specifically, Plaintiff alleges that the VE's testimony was defective in that it was a response to a hypothetical by the ALJ which did not fully set forth all of Plaintiff's impairments.

Generally, a hypothetical question is sufficient if it sets forth impairments supported by substantial evidence in the record and accepted as true by the ALJ. *Davis v. Apfel*, 239 F.3d 962, 966 (8th Cir. 2001). Here, the hypothetical question was sufficient because it closely tracked the ALJ's RFC determination, and therefore represented a valid assessment of Plaintiff's physical limitations as supported by the evidence in the record as a whole. Although Plaintiff argues that the hypothetical question did not take into account all of Plaintiff's alleged limitations, many of these limitations were not found to be credible by the ALJ, and therefore, did not need to be included in the hypothetical question. *See id.* Accordingly, because the VE answered a hypothetical question based on impairments the ALJ accepted as true, the testimony is considered substantial evidence supporting the Commissioner's decision. *Miller v. Shalala*, 8 F.3d 611, 613 (8th Cir. 1993).

### III. CONCLUSION

Upon review of the record, the Court finds that substantial evidence on the record as a whole supports the ALJ's findings in this case. Accordingly, it is hereby

ORDERED that the decision of the ALJ is **AFFIRMED.**

DATE:   August 30, 2006        */s/ Richard E. Dorr*
                                RICHARD E. DORR, JUDGE
                                UNITED STATES DISTRICT COURT